IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HAILEE STOEY, a minor, etc., et al., | * | |
| Plaintiffs | * | |
| vs. | * | Civil Action No. JFM-02-CV-3862 |
| GEORGE E. MANGER, JR., M.D., et al., | * | |
| Defendants | * | |
| | ************ | |

**PLAINTIFFS' UNOPPOSED MOTION TO COMPEL DISCOVERY
FROM DEFENDANT, WASHINGTON COUNTY HOSPITAL ASSOCIATION,
PURSUANT TO QUALIFIED PROTECTIVE ORDER**

The Plaintiffs, Hailee Stoey, minor, etc., et al., by and through their attorneys, Henry E. Dugan, Jr., Bruce J. Babij, George S. Tolley, III, and Dugan, Babij, Tolley & Spector, LLC, and pursuant to 45 C.F.R. § 164.512(e)(1), respectfully submit their Motion to Compel Discovery from Defendant, Washington County Hospital Association, pursuant to Qualified Protective Order.

1.  In the instant medical malpractice action, the Plaintiff, Hailee Stoey, minor, alleges, inter alia, that the Defendants negligently mismanaged the labor and delivery of her mother, Cassandra Stoey, so as to cause and contribute to her injuries and damages, including a severe and permanent left brachial plexus palsy.

2.  For the purposes of compliance with D. Md. R. 104.7 and 104.8, the Plaintiffs respectfully submit that, following discussions held between counsel, **the instant motion is unopposed**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

3. On or about February 28, 2003, the Plaintiffs propounded Requests for Production of Documents upon the Defendant, Washington County Hospital Association ("WCHA"), requesting, inter alia:

> 22. Identify and produce any "delivery log," "operating room log," or similar documents or material things, by whatever name known, in any way identifying any vaginal or cesarean deliveries performed at this Defendant's facility on November 18, 1999, the date of the delivery of the Plaintiff, Hailee Stoey.
>
> It is intended that this Request include, but not be limited to, the provision of all requested documentation and other material things identifying by date, time, type of delivery and attending medical personnel (physician, nurse-midwife, nurse, respiratory therapist, etc.) for any vaginal or cesarean deliveries occurring at this Defendant's facility on the date in question.

Request for Production No. 22, adopted and incorporated herein pursuant to Fed. R. Civ. P. 10(c).

4. In response to Request No. 22, WCHA produced a delivery log redacted as to all deliveries on November 18, 1999, except for the delivery of the minor Plaintiff, Hailee Stoey. Redacted Delivery Log, attached hereto as Exhibit 1.

5. After discussions and correspondence between counsel for the Plaintiffs and counsel for WCHA, an agreement was reached regarding Request No. 22. Pursuant to that agreement, the Plaintiffs requested a copy of the Hospital delivery log redacted as to all deliveries except those attended by the Defendant, George E. Manger, Jr., M.D., on the date in question, November 18, 1999. See Correspondence of Michelle Smith, Esq., dated July 8, 2003, attached hereto as Exhibit 2 ("I will agree not to oppose plaintiff's

3

motion to compel Washington County Hospital to identify all deliveries Dr. Manger attended November 18, 1999").

6.  In accordance with the agreement of counsel, therefore, in the instant Motion to Compel the Plaintiffs seek a Qualified Protective Order directing the Defendant, WCHA, to produce a copy of the delivery log for November 18, 1999, providing data and information concerning any and all deliveries attended by the Defendant, George E. Manger, Jr., M.D., on that date.

7.  Despite the agreement of counsel that **the Plaintiffs are entitled to obtain the redacted delivery log in question**, the instant Motion to Compel is necessitated by the provisions of the Health Information Portability and Accountability Act, 42 U.S.C. § 201 et seq. ("HIPAA") and its supporting regulations. In that regard, the regulations pertaining to HIPAA restrict the disclosure of "protected health information" ("PHI") in the context of judicial proceedings:

> (e) Standard: Disclosures for judicial and administrative proceedings.
>
> > (1) Permitted disclosures. **A covered entity may disclose protected health information in the course of any judicial or administrative proceeding**:
> >
> > > (i) **In response to an order of a court** or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; **or**
> > >
> > > (ii) **In response to a** subpoena, **discovery request**, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, **if**:
> > >
> > > > (A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii)

4

> of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or
>
> (B) **The covered entity receives satisfactory assurance**, as described in paragraph (e)(1)(iv) of this section, **from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order** that meets the requirements of paragraph (e)(1)(v) of this section.

45 C.F.R. § 164.512(e)(1) (emphasis supplied). WCHA contends that § 164.512(e)(1) precludes its disclosure of PHI concerning patients other than the minor Plaintiff, Hailee Stoey, in the absence of a Qualified Protective Order ("QPO").

8. In particular, subparagraph (e)(1) permits the disclosure of the PHI of a third-party patient in response to a discovery request **only if** the requesting party can provide satisfactory assurance **either** that the patient has received notice of the request (a Catch-22 in the present case -- the patients' identities are unknowable without the disclosure) **or** that reasonable efforts have been made to secure a QPO.

9. In accordance with the provisions of 45 C.F.R. § 164.512(e)(1), therefore, the Plaintiffs respectfully request that this Honorable Court enter a QPO permitting WCHA to disclose the redacted delivery log in question.

WHEREFORE, the Plaintiffs, Hailee Stoey, etc., et al., respectfully request that this Honorable Court grant their Motion to Compel Discovery from Defendant,

5

Washington County Hospital Association, pursuant to Qualified Protective Order, and grant the Plaintiffs such other and further relief as the nature of their cause may require.

Respectfully Submitted,

_____
George S. Tolley III
Dugan, Babij, Tolley & Spector, LLC
1966 Greenspring Drive, Suite 500
Timonium, Maryland 21093
(410) 308-1600

## D. Md. R. 104.7 CERTIFICATION

I hereby certify that the undersigned counsel met with Michelle Smith, Esquire, counsel for Washington County Hospital Association, on July 1, 2003, at the facility of Washington County Hospital in Hagerstown, Maryland, to discuss the instant discovery dispute.

As discussed in more detail in the body of the instant Motion, the discovery dispute was resolved by agreement of counsel, and the instant Motion to Compel is **unopposed**.

_____
George S. Tolley III
Dugan, Babij, Tolley & Spector, LLC
1966 Greenspring Drive, Suite 500
Timonium, Maryland 21093
(410) 308-1600

6

## CERTIFICATE OF SERVICE

I hereby certify that, on this 14th day of July, 2003, a copy of the Plaintiffs' Motion to Compel Discovery from Defendant, Washington County Hospital Association, pursuant to Qualified Protective Order, was sent by first class mail, postage prepaid, to the following counsel of record:

| | |
|---|---|
| Thomas L. Doran, Esquire | Michelle L. Smith, Esquire |
| DeCaro, Doran, Siciliano, Gallagher  & DeBlasis, LLP | Adelman, Sheff & Smith, LLC 200-A Monroe Street, Suite 310 |
| 4601 Forbes Boulevard, Suite 200 | Rockville, Maryland 20850 |
| Lanham, Maryland 20703-0040 | |

_____
George S. Tolley III
Dugan, Babij, Tolley & Spector, LLC
1966 Greenspring Drive, Suite 500
Timonium, Maryland 21093
(410) 308-1600

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HAILEE STOEY, a minor, etc., et al.,        *

    Plaintiffs                                              *

vs.                                                                  *     Civil Action No. JFM-02-CV-3862

GEORGE E. MANGER, JR., M.D., et al.,   *

Defendants                                                    *
\*\*\*\*\*\*\*\*\*\*\*\*

### QUALIFIED PROTECTIVE ORDER

    Having read and considered the Plaintiffs' Motion to Compel Discovery from Defendant, Washington County Hospital Association, pursuant to Qualified Protective Order, and all answers, memoranda, and oral arguments in support or in opposition thereto, it is this ____ day of _____, 2003, by the United States District Court for the District of Maryland, pursuant to 45 C.F.R. 164.512(e)(1), hereby **ORDERED**:

    a.  That the Motion be, and the same hereby is, **GRANTED**;

    b.  That the Defendant, Washington County Hospital Association, be, and the same hereby is, **DIRECTED** to produce to the Plaintiffs within _____ days of this Order a copy of the delivery log, dated November 18, 1999, redacted only as to deliveries not attended by the Defendant, George E. Manger, Jr., M.D.;

    c.  That this **QUALIFIED PROTECTIVE ORDER** apply to all protected health information that is or in the future may be the subject of discovery requests in the course of the instant litigation;

8

d. That the parties and counsel be, and the same hereby are, **PROHIBITED** from using or disclosing any protected health information produced in response to discovery requests in the instant litigation for any purpose other than the instant litigation; and

e. That the parties and counsel be, and the same hereby are, **DIRECTED** to return or destroy any protected health information produced in response to discovery requests in the instant litigation (including all copies made) at the end of the litigation.

_____
Judge, U.S. District Court for the District of Maryland